FILED
CLERK, U.S. DISTRICT COURT
12/10/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>KYLE CLEVELAND,<br>  aka "Tiny," and<br>PATRICK DEAN VAN REENEN,<br><br>            Defendants. | CR 21-349(A)-PA<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Heroin, and Fentanyl; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(i) and (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine and Heroin] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing through on or about April 29, 2021, in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, defendants KYLE CLEVELAND, also known as "Tiny" ("CLEVELAND"), and PATRICK DEAN VAN REENEN ("VAN REENEN"), conspired with others known

and unknown to the Grand Jury including Ian Eric Miller ("Miller") and unindicted co-conspirator #1 to knowingly and intentionally commit the following offenses:

    1.   To distribute and possess with intent to distribute at least at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii);

    2.   To distribute and possess with intent to distribute at least at least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii);

    3.   To distribute and possess with intent to distribute at least at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i);

    4.   To distribute and possess with intent to distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi); and

    5.   To distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant VAN REENEN and unindicted co-conspirator #1 would permit drug traffickers including defendant CLEVELAND and co-conspirator Miller to distribute methamphetamine, heroin, and fentanyl in Los Angeles and Ventura Counties in exchange for a percentage of the proceeds generated from the sale of methamphetamine, heroin, and fentanyl in those geographic areas.

2.   Defendants CLEVELAND and VAN REENEN and co-conspirator Miller would obtain methamphetamine, heroin, and fentanyl from sources of supply.

3.   Defendants CLEVELAND and VAN REENEN and co-conspirator Miller would arrange methamphetamine, heroin, and fentanyl sales with drug customers in Los Angeles and Ventura Counties.

4.   Defendants CLEVELAND and VAN REENEN and co-conspirator Miller would deliver the methamphetamine, heroin, and fentanyl to drug customers in Los Angeles and Ventura Counties and would accept payment for the drugs.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants CLEVELAND and VAN REENEN, and others known and unknown to the Grand Jury including co-conspirator Miller and unindicted co-conspirator #1, committed various overt acts in Los Angeles and Ventura Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:   On August 11, 2020, in Simi Valley, California, co-conspirator Miller possessed approximately 2,128.4 grams of methamphetamine, approximately 200.21 grams of a mixture or substance containing a detectable amount of heroin, and approximately 190.7 grams of fentanyl to distribute to drug customers.

<u>Overt Act No. 2</u>:   On September 15, 2020, defendant CLEVELAND informed defendant VAN REENEN that his drug sources of supply had been arrested, and defendant CLEVELAND asked defendant VAN REENEN if he could get drugs from defendant VAN REENEN's drug source of supply at a price of $750 or $800 per unit.

<u>Overt Act No. 3</u>:   On September 19, 2020, defendant VAN REENEN informed defendant CLEVELAND that a drug customer wanted to purchase an ounce of heroin from defendant CLEVELAND, and defendant CLEVELAND informed defendant VAN REENEN that the price for an ounce of heroin for that customer was $650.

<u>Overt Act No. 4</u>:   On October 5, 2020, defendant VAN REENEN travelled to Santa Monica, California to obtain drugs to distribute from a source of supply.

<u>Overt Act No. 5</u>:   On October 5, 2020, defendant VAN REENEN guarded defendant CLEVELAND's drug stash while defendant CLEVELAND slept.

<u>Overt Act No. 6</u>:   On October 11, 2020, defendant VAN REENEN informed defendant CLEVELAND that a drug customer needed half an ounce of fentanyl and that defendant VAN REENEN wanted to obtain the fentanyl from defendant CLEVELAND and also make a profit from its sale to the customer.

<u>Overt Act No. 7</u>:   On October 24, 2020, defendant VAN REENEN informed co-conspirator Miller, who had been released from law

4

enforcement custody, that unindicted co-conspirator #1 would permit co-conspirator Miller to distribute drugs in Los Angeles and Ventura Counties in exchange for a percentage of the proceeds generated from the sale of drugs in those geographic areas.

<u>Overt Act No. 8</u>: On October 24, 2020, defendant VAN REENEN gave co-conspirator Miller instructions regarding delivering a percentage of co-conspirator Miller's drug proceeds to unindicted co-conspirator #1.

<u>Overt Act No. 9</u>: On October 29, 2020, defendant CLEVELAND asked co-conspirator Miller to send a "screenshot" of the instructions that defendant VAN REENEN had given to co-conspirator Miller regarding delivering a percentage of co-conspirator Miller's drug proceeds to unindicted co-conspirator #1.

<u>Overt Act No. 10</u>: On October 29, 2020, defendant VAN REENEN gave co-conspirator Miller additional instructions regarding delivering a percentage of co-conspirator Miller's drug proceeds to unindicted co-conspirator #1.

<u>Overt Act No. 11</u>: On December 16, 2020, defendant VAN REENEN informed a drug customer that defendant VAN REENEN had heroin available to sell.

<u>Overt Act No. 12</u>: On December 17, 2020, defendant VAN REENEN agreed to sell 52.4 grams of heroin to a drug customer and sent the customer a picture of the drugs.

<u>Overt Act No. 13</u>: On February 24, 2021, defendant CLEVELAND agreed to supply defendant VAN REENEN with a quarter of an ounce of fentanyl for defendant VAN REENEN to distribute to multiple drug customers.

    <u>Overt Act No. 14</u>:  On February 25, 2021, defendant CLEVELAND agreed to supply defendant VAN REENEN with good quality heroin for defendant VAN REENEN to distribute to a drug customer.

    <u>Overt Act No. 15</u>:  On March 14, 2021, defendant CLEVLAND and defendant VAN REENEN discussed the price of drugs that they could purchase from a source of supply, and the need to get a new source of supply for drugs.

    <u>Overt Act No. 16</u>:  On March 22, 2021, in Los Angeles, California, defendant CLEVELAND possessed approximately 397.3 grams of methamphetamine that was 100% pure, 247 grams of a mixture or substance containing a detectable amount of heroin, and 12 grams of a mixture or substance containing a detectable amount fentanyl to distribute to drug customers.

    <u>Overt Act No. 17</u>:  On April 29, 2021, in Canoga Park, California, defendant VAN REENEN possessed approximately 19.19 grams of methamphetamine to distribute to drug customers.

|   |   |
|---|---|
| 1 | COUNT TWO |
| 2 | [21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)] |
| 3 |     On or about March 22, 2021, in Los Angeles County, within the |
| 4 | Central District of California, defendant KYLE CLEVELAND, also known |
| 5 | as "Tiny, knowingly and intentionally possessed with intent to |
| 6 | distribute at least 50 grams, that is, approximately 397.3 grams, of |
| 7 | methamphetamine, a Schedule II controlled substance. |

                                7

COUNT THREE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(i)]

On or about March 22, 2021, in Los Angeles County, within the Central District of California, defendant KYLE CLEVELAND, also known as "Tiny, knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 247 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. § 841(a)(1), (b)(1)(B)(viii)]

On or about April 29, 2021, in Los Angeles County, within the Central District of California, defendant PATRICK DEAN VAN REENEN knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 19.19 grams, of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

        /S/
Foreperson

TRACY L. WILKISON
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

REEMA M. EL-AMAMY
Assistant United States Attorney
Terrorism and Export Crimes Section